IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DOCTOR'S TESTING CENTER, L.L.C.,** *et al.*            **PLAINTIFFS**

**v.**         **4:09CV00707-WRW**

**KATHLEEN SEBELIUS, SECRETARY OF THE**            **DEFENDANTS**
**DEPARTMENT OF HEALTH AND HUMAN**
**SERVICES,** *et al.*

### ORDER

Pending are Defendants' Motions to Dismiss (Doc. Nos. 14, 18, 24, and 35, 38, 40). Plaintiff Doctor's Testing Center, L.L.C. filed a Notice of Voluntary Dismissal,[1] and is no longer a party to this case. *Pro se* Plaintiff Ron Davis ("Plaintiff") has responded, and a reply has been filed.[2] For the reasons set out below, Defendants' Motions 35, 38, and 40 are GRANTED. All other pending motions in this case are DENIED as MOOT.

**I.   BACKGROUND**

Doctor's Testing Center, LLC II, ("DTC II"), an Arkansas Physician's Group as defined by the Department of Health and Human Services ("DHHS"), received its Medicare Group provider number in November, 2002. Doctor's Hearing Center LLC II ("DHC II"), also received its Medicare Provider Number. Both DTC II and DHC II have operated as Medicare Part B providers for DHHS. Part B of the Medicare program is "a supplementary medical insurance program for the aged and disabled."[3]

---

[1] Doc. No. 44.

[2] Doc. Nos. 30, 34, 43, and 42, respectively.

[3] See *Clarinda Home Health v. Shalala*, 100 F.3d 526, 528 (8th Cir. 1996).

Plaintiff Ron Davis ("Plaintiff") is a Certified Technician, as defined by DHHS, and is the co-founder, as well as a member and partner, of DTC II and DHC II.

The Department of Health and Human Services Centers for Medicare and Medicaid Services ("CMS") administers the Part B program. The Secretary of the DHHS ("Secretary") conducts the administration of Part B through medicare administrative contractors.[4] The contractors determine and pay claims. Defendants in this case are the United States of America, the Secretary of the DHHS, the CMS, and multiple medicare contractors.

Plaintiff alleges that Defendants improperly determined or denied payment for claims Plaintiff made for Part B services rendered.[5] Plaintiff's Amended Petition for Judicial Review asks the Court to review three Administrative Law Judge ("ALJ") decisions, and asks for injunctive and declaratory relief, as well as money damages.[6]

In case number 1-356371621, Plaintiffs submitted claims totaling $21,070.50 to AdvanceMed for prepayment review.[7] AdvanceMed denied the claims, explaining that the documentation provided did not show that the services provided were medically necessary, among other reasons.[8] Plaintiffs appealed AdvanceMed's findings to Q2. Plaintiffs allege Q2 reviewed AdvanceMed's decision by Internal Control number, not by patient medical records as required.[9] As a result, Q2 reviewed only $5,199.00 in claims. Q2 also dismissed nine claims

---

[4] 42 U.S.C. § 1395u(a).

[5] Doc. No. 31.

[6] *Id*.

[7] *Id*.

[8] Doc. No. 1, Exhibit 3.

[9] Doc. No. 31.

because Plaintiffs failed to obtain a redetermination.

Plaintiffs appealed Q2's decision to an ALJ, who dismissed claims in the amount of $1,805.00, and dismissed the remaining $14,066.50 in claims submitted to AdvanceMed because there had been no redetermination of those claims.[10] Plaintiffs appealed the ALJ's decision to the Office of Medicare Hearings and Appeals ("OMHA"). In one decision in case number 1-356997501,[11] the OMHA ALJ reversed Q2's decision with respect to some claims from case number 1-356371621 and found those claims were properly payable under Medicare.[12] But, in a separate, second decision in case number 1-356997501, the OMHA ALJ affirmed Q2's dismissal of nine claims because Plaintiffs failed to obtain a redetermination.[13]

In case number 1-329670411, Pinnacle Business Solutions, Inc. ("Pinnacle") denied Plaintiffs' use of the physician modifiers in claims submitted for the period of March, 2007, through September, 2007.[14] Q2 reversed Pinnacle's decision in connection with physician modifiers, but denied Plaintiffs' claims because Plaintiffs did not submit patient medical records, which Plaintiffs allege was not an issue before Q2.[15]

Plaintiffs appealed Q2's findings with the OMHA. The OMHA ALJ rendered a decision in case number 1-356997501 denying Plaintiffs' claims for audiology services for dates of service March 13, 2007, and July 2, 2007, because there were no medical records to substantiate

---

[10]*Id.*

[11]Case numbers 1-356371621 and 1-329670411 were consolidated on appeal.

[12]Doc. No. 1, Exhibit 9.

[13]*Id.*

[14]Doc. No. 31.

[15]*Id.*

the claims.[16] Plaintiffs appealed the OMHA ALJ decision to the MAC on or about August 10, 2009.[17]

Plaintiff alleges that Defendants' actions violated his constitutional and administrative due process rights.[18] Based on the Eighth Circuit's constitutional exception to the statutory requirement of exhaustion of administrative remedies, Plaintiff alleges he is entitled to judicial review of all three ALJ decisions.[19]

Defendants maintain, among other things, that this Court lacks subject matter jurisdiction.

## II.   DISCUSSION

### A.   Exhaustion of Administrative Remedies

Decisions or findings of the secretary may be reviewed only as set out in the Medicare Act. 42 U.S.C. § 405(h), as incorporated into the Medicare Act by 42 U.S.C. § 1395ii, reads:

> The findings and decisions of the Secretary or the Department of Health and Human Services after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary or the Department of Health and Human Services shall be reviewed by any person, tribunal, or governmental agency *except as herein provided*. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28, United States Code . . . to recover on any claim arising under this title . . . .[20]

Federal courts are courts of limited jurisdiction and have the power to hear only those cases that they have been authorized to hear by Congress or by the Constitution.[21] Part B

---

[16] Doc. No. 1, Exhibit 9.

[17] Doc. No. 36, Exhibit A.

[18] Doc. No. 31.

[19] *Id.*

[20] 42 U.S.C. § 405(h) (emphasis added).

[21] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

4

provides an appeals process, which must be exhausted before a federal court can have jurisdiction to review claims decisions.[22] Briefly summarized, the appeals process is as follows: first, a party can request a redetermination of the claim by the contractor; after that, a party can request reconsideration by a qualified independent contractor ("QIC"); after reconsideration by a QIC, a party can appeal the decision to an ALJ; a party can request the Medicare Appeals Council ("MAC") to review an ALJ's decision.

When the amount in controversy requirement is met, a party to a MAC decision may file an appeal in federal district court "[i]f the appropriate review entity determines that there are no material issues of fact in dispute and that the only issues to be adjudicated are ones of law or regulation that the Departmental Appeals Board does not have authority to decide, or fails to make such determination within the period provided . . . ."[23] If the MAC has not decided a case within 90 days of receiving a request for review and the 90-day review period has not been extended, the case remains with the MAC until it decides the case or until it grants a litigant's request to take the case to the federal district court.[24]

Plaintiff appealed only one OMHA ALJ decision to the MAC. That appeal was filed in connection with case number 1-329670411 / 1-356997501 around August 10, 2009. Only 21 days after filing the MAC appeal -- while the appeal was still pending -- Plaintiff filed his Complaint in this case. Apparently, the appeal with the MAC is still pending, and Plaintiff neither asked for nor received approval to take the case to federal court.

With respect to the decision in case number 1-356371621 / 1-356997501 -- dismissing nine claims because Plaintiffs failed to obtain a redetermination -- the ALJ's order

---

[22]*Heckler v. Ringer*, 466 U.S. 602, 617(1984).

[23]42 U.S.C. § 1395ff(b)(2).

[24]42 C.F.R. § 405.1100(c); 42 C.F.R. § 405.1136(a)(2).

reads, in part: "[a]t the hearing, Appellant's representative acknowledged that no redetermination had been requested."[25] The Order also explains: "[p]ursuant to 42 C.F.R. § 405.1004(c) an ALJ's decision regarding a QIC's dismissal of a reconsideration request is final and not subject to further review."[26]

Based on the record, Plaintiff has not exhausted his administrative remedies. Accordingly, this Court does not have jurisdiction unless an exception to the exhaustion requirement applies. Plaintiff maintains that the constitutional exception applies in this case.

### B.  Constitutional Exception to the Exhaustion Requirement

In *Clarinda Home Health v. Shalala*,[27] the Eighth Circuit Court of Appeals recognized that the constitutional exception to the statutory exhaustion requirement applies when "the litigant: '(1) raises a colorable constitutional claim collateral to his substantive claim of entitlement; (2) shows that irreparable harm would result from exhaustion; and (3) shows that the purposes of exhaustion would not be served by requiring further administrative procedures.'"[28]

Plaintiff alleges his due process rights were violated by Defendants' actions and omissions, including, among others: the length of time taken for reviews; lost files; denying claims based on fictional reasons; and failing to make required re-determinations of valid claims.[29] These issues do not present a constitutional claim collateral to Plaintiff's substantive claim for entitlement, but rather go directly to Plaintiff's substantive claims.

Plaintiff asserts that he is irreparably harmed because Defendants send out copies of decisions that are "slanderous and libelous in nature" and act as a "poison pill" to Plaintiff's

---

[25] Doc. No. 1, Exhibit 9.

[26] *Id*.

[27] 100 F.3d 526 (8th Cir. 1996).

[28] *Id*. at 531.

[29] Doc. No. 31.

patient base, which is largely composed of Medicare-insured patients.[30]

Plaintiff maintains that "the purpose of the 'administrative exhaustion' requirement would not be served by requiring further administrative procedures because the reasoning asserted by the Defendants relies on rules that do not govern, or issues that are unrelated to, Physicians Groups. The Secretary, however, is best situated to address Defendants' alleged improper application of Medicare rules and regulations.

Plaintiff has not met all elements of the constitutional exception, so, that exception does not apply. Because this Court does not have jurisdiction, I will not address other arguments raised by Defendants in their Motions to Dismiss.

## **CONCLUSION**

Based on the findings of fact and conclusions of law above, Defendants' Motions to Dismiss (Doc. Nos. 35, 38, and 40) are GRANTED. Plaintiff's request for judicial review, declaratory and injunctive relief, and money damages are DENIED and this case is DISMISSED with prejudice. All other pending motions are DENIED as MOOT.

IT IS SO ORDERED this 1st day of February, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[30] *Id.*