Case 4:09-cv-00707-BRW   Document 57   Filed 02/17/10   Page 1 of 4

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 17 2010

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DOCTORS TESTING CENTER, L.L.C., et al     PLAINTIFFS

V.     4:09 CV00707-WRW

KATHLEEN SEBELIUS, SECRETARY OF THE     DEFENDANTS
DEPARTMENT OF HEALTH AND HUMAN
SERVICES, et al.

PLAINTIFFS

REQUEST FOR RECONSIDERATION

OF COURT'S ORDER TO DISMISS

FACTS

The Court granted the U.S. Attorney's motions (35, 38, 40) to dismiss, making all other motions moot. The Court's order to dismiss was deemed due to the fact that administrative remedies had not been exhausted, and was issued with prejudice.

REQUEST

The Plaintiffs' request is that the Court reconsider the decision, due to a multiple of reasons, and/or at minimum, withdraw the prejudice.

## REASONS

The Plaintiffs requested the Court's review of the process they have been through, as even now, with eight (8) favorable decisions received, the Plaintiff's efforts for now over three years have been futile.

## RESPECTFULLY

Regarding the Plaintiff's appeal which is now at the Medicare Appeals Council (MAC) level; it was filed 11/10/09. On 2/10/10, their lack of decision was deemed unfavorable, and available for the Court's review, by law.

## DAMAGE

As the Plaintiffs understand it, the Court has concluded that a substantive damage, such as with a theft of property or service, is not under the Federal Court's jurisdiction, and that with the lack of collateral damage defined, our case for such damages should be dismissed from the Court's review, with prejudice, and cannot be returned for further review.

Please note that the Court is correct that the Plaintiffs failed to obtain some of the Contractor's redeterminations, but the failure was due to the contractors' failure to give them. It was not due to the Plaintiffs' failure to request them, as we did that, both at the contractor's and Q2 levels. In this issue, the Plaintiffs agree, that there are no more administrative reviews available, thus only the Court has a right to review the failure of the process, which is now being denied forever, as it was dismissed with prejudice.

## SUMMARY

Please, your honor, they should not be rewarded for their failure to defend our constitutional right of due process, or for their failure to abide by the rules they wrote to govern us both, as to do so is to abuse and misuse their power and discretion.

As for collateral damage, it is not selective here, as it is not only the Plaintiffs, their creditors, stockholders and patients related herein, but it is to body of the consented themselves , as the violations, which have, and are continuing to occur are contrary to the genius of a republic itself, and should not be allowed to occur. Please note that the Plaintiffs have not asked, nor do they ask the Court to review any claims or decisions, rather simply the unconstitutional procedures they have been forced to endure.

## PRAYER

Wherefore the Plaintiff Davis comes to the Court with appreciation and respect for its reconsideration, as requested, pleading for a reversal of the Court's decision to dismiss, or at minimum to withdraw the prejudice imposed.

Respectfully Submitted

*[signature]*

Ron Davis

Pro Se

**CERTIFICATION OF SERVICE BY U.S. MAIL**

I, Ron Davis, certify that I have sent copies of the Request for Reconsideration to the Defendants noted below, by first class mail on 2/18/2010.

Shanon S. Smith
United States Attorney's Office
PO Box 7229
Little Rock, AR 72203

Chet Roberts / Janie W. Fenton
Arkansas Blue Cross Blue Shield
320 West Capitol Avenue
Little Rock, AR 72201

shall be computed from the date of judgment. Such section 2411 is made applicable to tort-claim actions by section 932 of title 28, U.S.C., 1940 ed.

Changes were made in phraseology.

### SENATE REVISION AMENDMENT

For Senate amendment to this section, see 80th Congress Senate Report No. 1559, amendment No. 60.

### AMENDMENTS

1988 - Pub. L. 100-694 inserted two pars. at end entitling the United States and the Tennessee Valley Authority to assert any defense based upon judicial or legislative immunity.

### EFFECTIVE DATE OF 1988 AMENDMENT

Amendment by Pub. L. 100-694 effective Nov. 18, 1988, and applicable to all claims, civil actions, and proceedings pending on, or filed on or after, Nov. 18, 1988, see section 8 of Pub. L. 100-694 set out as a note under section 2679 of this title.

-End-


-CITE-
    28 USC Sec. 2675                                            01/08/2008

-EXPCITE-
    TITLE 28 - JUDICIARY AND JUDICIAL PROCEDURE
    PART VI - PARTICULAR PROCEEDINGS
    CHAPTER 171 - TORT CLAIMS PROCEDURE

-HEAD-
    Sec. 2675. Disposition by federal agency as prerequisite; evidence

-STATUTE-
    (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.
    (b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.
    (c) Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages.

-SOURCE-
(June 25, 1948, ch. 646, 62 Stat. 983; May 24, 1949, ch. 139, Sec. 126, 63 Stat. 107; Pub. L. 89-506, Sec. 2, July 18, 1966, 80 Stat. 306.)

-MISC1-

HISTORICAL AND REVISION NOTES

1948 ACT

Based on title 28, U.S.C., 1940 ed., Sec. 931(b) (Aug. 2, 1946, ch. 753, Sec. 410(b), 60 Stat. 844).

Section constitutes all of section 931(b), except the first sentence, of title 28, U.S.C., 1940 ed. The remainder of such section 931(b) is incorporated in section 2677 of this title.

Changes were made in phraseology.

1949 ACT

This section corrects a typographical error in section 2675(b) of title 28, U.S.C.

-REFTEXT-

REFERENCES IN TEXT

The Federal Rules of Civil Procedure, referred to in subsec. (a), are set out in the Appendix to this title.

-MISC2-

AMENDMENTS

1966 - Subsec. (a). Pub. L. 89-506, Sec. 2(a), required that all administrative claims be filed with the agency or department and finally denied by the agency and sent by certified or registered mail prior to the filing of a court action against the United States, provided that the claimant be given the option of considering the claim to have been denied if the agency fails to make final disposition of the claim within six months of presentation of the claim to the agency, and provided that the requirements of the subsection would not apply to claims asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

Subsec. (b). Pub. L. 89-506, Sec. 2(b), struck out provisions under which a claimant could, upon 15 days written notice, withdraw a claim from the agency and institute an action thereon.

1949 - Subsec. (b). Act May 24, 1949, substituted "section" for "subsection".

EFFECTIVE DATE OF 1966 AMENDMENT

Amendment by Pub. L. 89-506 applicable to claims accruing six months or more after July 18, 1966, see section 10 of Pub. L. 89-506, set out as a note under section 2672 of this title.

-End-

-CITE-
28 USC Sec. 2676                                                 01/08/2008

-EXPCITE-
TITLE 28 - JUDICIARY AND JUDICIAL PROCEDURE